**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Eugene Abramov, | ) | Civil Action |
| Plaintiff | ) | |
| | ) | Unlawful Debt Collection |
| -against- | ) | Practices |
| | ) | |
| Baritz Law Associates LLC, | ) | Jury trial waived |
| Shawn Bullard, | ) | Bench trial requested |
| 1620 Cecil B Moore LLC, | ) | |
| Konkrete Investments LLC | ) | |
| Defendants | ) | |

**I.     Parties in this complaint:**

| | | |
|---|---|---|
| Plaintiff | Eugene Abramov | Is a natural person. Plaintiff is a citizen of Maine residing in Pennsylvania temporarily for graduate school. |
| | 2221 N Sydenham St | |
| | Philadelphia | |
| | Pennsylvania 19132 | |
| Defendant | Baritz Law Associates LLC | Is a Pennsylvania corporation providing, inter. alia, professional legal services in eviction matters, and business entity development and representation. Defendant applied to the Philadelphia Eviction Diversion Program as Plaintiff's landlord. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). |
| | 100 South Broad Street | |
| | Suite 1205 | |
| | Philadelphia | |
| | Pennsylvania 19102 | |

1

| Defendant | Shawn Bullard<br>1611 W Montgomery Ave<br>Philadelphia<br>Pennsylvania 19121 | Is a natural person. Defendant is the landlord and owner of the building with address 1620 Cecil B Moore Avenue, Philadelphia, Pennsylvania 19121 through a passthrough legal entity "1620 Cecil B Moore LLC." Defendant registers LLCs and other legal entities with fictitious addresses to evade legal accountability. Defendant intentionally misspelled his registered address as "161 W Montgomery Ave," but the suspected true legal address is used in this complaint. |
|---|---|---|
| Defendant | 1620 Cecil B Moore LLC<br>1611 W Montgomery Ave<br>Philadelphia<br>Pennsylvania 19121 | Is a Pennsylvania corporation owned by Shawn Bullard. Defendant holds the title to the building with address 1620 Cecil B Moore Avenue, Philadelphia, Pennsylvania 19121. Defendant is named as the landlord in debt collection letters sent to Eugene Abramov. |

| | | |
|---|---|---|
| Defendant | Konkrete Investments LLC | Is a Pennsylvania corporation owned by Shawn Bullard. Defendant's registered address is fictitious. The address used in this complaint is that registered, fictitious address with its intentional errors corrected. The true address is unknown. Defendant is the counterparty to Plaintiff Eugene Abramov's lease. |
| | 1109 W Lehigh Ave | |
| | Philadelphia | |
| | Pennsylvania 19133 | |

## II. Basis for Jurisdiction:

**1.** Federal question jurisdiction of this Court for unlawful debt collection practices arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**2.** Supplemental jurisdiction of this Court for other claims related to the FDCPA claims that form part of the same case or controversy arises under 28 U.S.C. § 1367.

**3.** Venue in this District is proper because the defendants' conduct occurred in this district, and this district is the defendants' principal place of business.

## III. Statement of Claim:

**4.** On or about April 16, 2023, Plaintiff rented a studio apartment addressed at 1620 Cecil B Moore Ave, Apartment 003, Philadelphia, Pennsylvania 19121 from defendants. The term of the lease was August 1, 2023, to July 25, 2024, and the rent was $1,200 per month; Plaintiff paid a security deposit of one month's rent.

**5.** The first rent payment was made for the month of July 2023. This was an error because this month is outside of the term of the lease and the Plaintiff-tenant did not have possession of the premises.

**6.** On or about September 25, 2023, Plaintiff demanded his landlord remove an illegal charge that the lease agreement did not provide for. Plaintiff realized that no direct line of communication had been established by the landlord. Plaintiff sent formal notice of the demand by USPS certified mail to Defendant Shawn Bullard's passthrough legal entities. Plaintiff used addresses of those legal entities registered with the Pennsylvania Department of State. The notice was sent to (1) Watchmen Property Management LLC addressed at 1161 W. Montgomery Ave., Philadelphia, PA 19121; (2) to Konkrete Investments LLC, addressed at 1109 W. Lehigh Ave., Philadelphia, PA 19133; and (3) to Konkrete Investments Inc. addressed at 2317 E. Firth [sic] St. Philadelphia, PA 19125-51. The USPS remarked that all three addresses were fictitious, but assisted the Plaintiff in correcting the addresses so that the certified mail could be accepted. The notices to Konkrete Investments LLC and Konkrete Investments Inc. were returned as undeliverable. The notice to Watchmen Property Management, LLC, at the 1161 W. Montgomery Ave. address was delivered and the recipient signed for it as "Temple." The Defendants do not have any affiliation with Temple University. After several weeks, the unopened notice to Watchmen Property Management, LLC, was also returned. All three envelopes were unopened. Later, the Defendants relented and removed the illegal fee that the Plaintiff was disputing. Shawn Bullard's legal entities knowingly use fictitious addresses and knowingly refuse official notices and summons from tenants.

4

**7.** On or about March 4, 2024, Plaintiff notified Maggie Bullard an employee at Watchmen Property Management LLC, who is likely a family relative of Defendant Shawn Bullard, that the Plaintiff would be placing rent in escrow due to a material breach of the implied warranty of habitability. Plaintiff's grievances included, inter alia, repeated flooding of sewage water on the studio's floor, a cockroach infestation, mold, bad smell, and garbage perpetually strewn in front of the building for which the city routinely left citations and fines. Defendants were indifferent to the Plaintiff's demands.

**8.** On or about April 1, 2024, Plaintiff Abramov notified Watchmen Property that rent for that month and every month going forward would be kept in escrow, and listed specific grievances that should be cured for release of rent.

**9.** On or about May 13, 2024, Plaintiff Eugene Abramov received an email titled "10 DAY NOTICE TO QUIT – UNPAID RENT". The letter demanded payment of $2,450, contained a ledger, and stated the Plaintiff's right of possession to the property will be terminated in 10 days if payment isn't received.

**10.** On or about May 23, 2024, Plaintiff Eugene Abramov, did exit the premises, suffering losses as a natural result of the defendant's breach of contract and the irregular and oppressive eviction.

**11.** On or about June 7, 2024, Kenneth Baritz, while employed as an attorney representing Defendant Baritz Law Associates LLC, sent a letter attempting to collect a debt to Plaintiff Eugene Abramov" The letter was captioned "RE: NOTICE TO VACATE; 1620 Cecil B. Moore # 3, Philadelphia PA 19121" and alleged that Plaintiff Abramov owed money

5

to 1620 Cecil B Moore LLC pursuant to a lease of the premises in the caption. The June 7 letter sought $4,175 in payment.

**12.** On or about June 11, 2024, Kenneth Baritz, while employed as an attorney representing Defendant Baritz Law Associates LLC, sent a letter attempting to collect a debt to Plaintiff Eugene Abramov" The letter was captioned "RE: NOTICE TO VACATE; 1620 Cecil B. Moore # 3, Philadelphia PA 19121" and alleged that Plaintiff Abramov owed money to 1620 Cecil B Moore LLC pursuant to a lease of the premises in the caption. The June 11 letter sought $3,975 in payment.

**IV.     Injuries and Relief:**

**13.** Plaintiff respectfully requests that declaratory judgment be entered against Defendants for the following:

**A.** Declaratory judgment that Defendants' conduct violated the FDCPA, 15 U.S.C. § 1692;

**B.** Declaratory judgment that Defendants' conduct violated the Pennsylvania Landlord and Tenant Act 68 P.S. § 250.501 et seq.;

**C.** Declaratory judgment that Defendants' eviction of the Plaintiff was conducted irregularly or oppressively as defined in 68 P.S. § 250.312, and Defendants are therefore liable for damages from an action in trespass;

**D.** Declaratory judgment that the Defendants' conduct was of such an outrageous nature as to demonstrate willful, wanton or reckless conduct, such that punitive damages for tort claims are warranted as a result.

**14.**     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

**A.**     Defendants violated 15 U.S.C. § 1692d by using oppressive, abusive, and harassing conduct to collect a debt.

**B.**     Defendants violated 15 U.S.C. § 1692e, including section 1692(e)(2)(A) by falsely representing the character of the alleged debt.

**C.**     Defendants also violated 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received for the collection of a debt.

**D.**     Defendants violated 15 U.S.C. § 1692e(5) by the threat to take action that could not legally be taken.

**E.**     Defendants violated 15 U.S.C. § 1692e(10) by the use of false representation or deceptive means to collect a debt.

**F.**     Defendants violated 15 U.S.C. § 1692f by the use of unfair or unconscionable means to collect a debt.

**G.**     Defendants violated 15 U.S.C. § 1692f(1) by demanding fees or charges not expressly authorized by the agreement creating the debt or permitted by law.

**15.**     As a result of the foregoing violations of the FDCPA, Plaintiff requests statutory damages including, but not limited to:

**A.**     $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k for the illegal debt collection attempt on May 13, 2024;

**B.**     $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k for the illegal debt collection attempt on June 7, 2024;

**C.**     $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k for the illegal debt collection attempt on June 11, 2024.

**16.**     Defendants violated of The Pennsylvania Landlord and Tenant Act, 68 P.S. § 250.501 et seq., which provides the exclusive remedy for the recovery of real property. The Defendants are liable to an action in trespass and assumpsit because they evicted the Plaintiff from the leased premises in an irregular or oppressive manner. The Defendants acted contrary to the laws of Pennsylvania and demonstrated willful, wanton, or reckless conduct when evicting the Plaintiff. The actual damages, and available punitive damages include, but are not limited to the following:

**A.**     $2,400 by liability in assumpsit of twice the amount of the $1,200 security deposit pursuant to 68 P.S. § 250.512.

**B.**     $100 in damages on September 15, 2023, for supplies purchased by Plaintiff to clean the first instance of sewage flooding onto the studio floor, for Plaintiff's gloves appropriated by Defendats' plumbers to repair sewage pump on the premises that had to be thrown out, and pillows ruined by contact with sewage water.

**C.**     $1,200 by liability in assumpsit in rent that was erroneously charged by defendants for the month of July 2023. This month was not in the term of the lease, and the premises were not in possession of the Plaintiff-lessee.

**D.**     $1,080 in damages due to a 100% diminution of value of the premises for 28 of 31 days in the month of March 2024 for which rent had been paid in full. The diminution was caused on March 4, 2024, when the floor was flooded with sewage for the third time. After the spill was contained, plaintiff discovered that a solid sheet of mold on the underside of

the laminate floor, a bad smell remained for months, and cockroaches infested the living area.

**E.**     $2,400 Damages in assumpsit and trespass arising from the defendant's wrongful acts that interfered with Plaintiff's possessory rights of premises for June and July 2024.

**F.**     $2,500 of losses suffered due to irregular and oppressive eviction, including loss of personal possessions, storage costs, and moving costs.

**G.**     $100,000 in punitive damages. Defendants willfully, wantonly, and recklessly engage in deceptive business practices by registering passthrough legal entities with fraudulent addresses, charge illegal fees, and are indifferent to tenant rights and wellbeing. The defendants exploit inexperienced Temple University student tenants for profit. Dozens of female students have informally complained in a public medium of Defendant Shawn Bullard trespassing on their rented premises to sexually harass them. Student tenants do not have the resources or experience to vindicate their rights in court, and the relative wealth and legal resources of the defendants over their student tenants is large. Punitive damages are appropriate in this instant case to dissuade defendants from their reprehensible conduct.

**17.**     For costs and reasonable attorney's fees.

**18.**     For such other and further relief as the Court may deem just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 12th day of August, 2024.

_____

Eugene Abramov

Plaintiff

2221 N Sydenham St

Philadelphia

Pennsylvania 19132

(207) 631 5336

gene.abramov@gmail.com

Pro Se

10