IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE ABRAMOV,<br><br>    Plaintiff,<br><br>v.<br><br>1620 CECIL B. MOORE, LLC, BARITZ LAW ASSOCIATES, LLC, SHAWN BULLARD, KONKRETE INVESTMENTS, LLC,<br><br>    Defendants. | CIVIL ACTION<br>NO. 2:24-cv-04172-KSM |

**DEFENDANT BARITZ LAW ASSOCIATES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant Baritz Law Associates, LLC ("Answering Defendant"), by and through its undersigned counsel, now answers the Complaint of Plaintiff Eugene Abramov ("Plaintiff") and states as follows:

**I.      Parties in this Complaint:[1]**

Admitted in part; denied in part. Answering Defendant admits that it has an office in Philadelphia, Pennsylvania. Answering Defendant denies that Answering Defendant is Plaintiff's landlord. Answering Defendant states that the remaining allegations in Section I of Plaintiff's Complaint that are directed to Answering Defendant, if any, are denied as a legal conclusion to which no response is required. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff, if any, set forth in Section I of Plaintiff's Complaint, and therefore denies the same. The remaining allegations in Section I of Plaintiff's Complaint, if any, are directed toward Defendant Shawn Bullard, Defendant 1620 Cecil

---

[1] Defendant is responding here to all of Section I of Plaintiff's Complaint because Section I does not contain numbered paragraphs.

B Moore LLC, and Defendant Konkrete Investments LLC. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, regarding Defendant Shawn Bullard, Defendant 1620 Cecil B Moore LLC, and Defendant Konkrete Investments LLC contained in Section I of Plaintiff's Complaint, and therefore denies the same.

**II.      Basis For Jurisdiction**

1. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

2. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

3. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

**III.     Statement Of Claim**

4. Denied. Answering Defendant denies that Plaintiff rented an apartment from Answering Defendant. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, set forth in this Paragraph, and therefore denies the same.

5. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, set forth in this Paragraph, and therefore denies the same.

6. Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

7. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

8. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

9. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

10. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

11. Denied. The letter dated June 7, 2024 that is referenced in this Paragraph of Plaintiff's Complaint is a document the terms of which speaks for themselves. The remaining allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

12. Denied. The letter dated June 11, 2024 that is referenced in this Paragraph of Plaintiff's Complaint is a document the terms of which speaks for themselves. The remaining allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

**IV.     Injuries and Relief:**

13.     Denied. The allegations in this Paragraph are denied as a legal conclusion to which no response is required.

13(A) – 13(D).     Denied. The allegations in these Paragraphs are denied as a legal conclusions to which no response is required.

14.     Denied. The allegations in this Paragraph are denied as a legal conclusion to which no response is required.

14(A) – 14(G).     Denied. The allegations in these Paragraphs are denied as a legal conclusions to which no response is required.

15.     Denied. The allegations in this Paragraph are denied as a legal conclusion to which no response is required.

15(A) – 15(C).     Denied. The allegations in these Paragraphs are denied as a legal conclusions to which no response is required.

16.     Denied. The allegations in this Paragraph are denied as a legal conclusion to which no response is required.

16(A).     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(B).     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(C).     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(D). Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(E). Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(F). Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

16(G). Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same. This Paragraph also contains allegations regarding Defendant Shawn Bullard, which are not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint regarding Defendant Shawn Bullard, and therefore denies the same. Answering Defendant further states that the allegations set forth in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

17. Denied.

18. Denied.

**WHEREFORE**, Answering Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Answering Defendant its reasonable attorney's fees and costs incurred in defending this action. Answering Defendant further requests that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Answering Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Answering Defendant reserves the right to assert additional affirmative defenses.

    Respectfully submitted:

    **KAUFMAN DOLOWICH, LLP**

By:   /s/ Monica M. Littman
      RICHARD J. PERR, ESQUIRE
      MONICA M. LITTMAN, ESQUIRE
      DOMINIC BORELLI, Esquire
      One Liberty Place
      1650 Market St., Suite 4800
      Philadelphia, PA  19103
      (t) 215.501.7002 (f) 215.405.2973
      rperr@kaufmandolowich.com
      mlittman@kaufmandolowich.com
      dominic.borelli@kaufmandolowich.com
      Attorneys for Defendant Baritz Law Associates, LLC

Dated: December 17, 2024

**CERTIFICATE OF SERVICE**

I, Monica M. Littman, certify that on this date I served a true and correct copy of the foregoing electronically via CM/ECF on the following:

Eugene Abramov
2221 N. Sydenham Street
Philadelphia, PA 19132
gene.abramov@gmail.com
Plaintiff

                                       /s/ Monica M. Littman, Esq.
                                       Monica M. Littman, Esq.

Date: December 17, 2024