**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Eugene Abramov, | ) | Civil Action 2:24-cv-04172-KSM |
| Plaintiff | ) | |
| | ) | |
| **-against-** | ) | |
| | ) | |
| Baritz Law Associates LLC, | ) | |
| Shawn Bullard, | ) | |
| 1620 Cecil B Moore LLC, | ) | |
| Konkrete Investments LLC | ) | |
| Defendants | ) | |

**PLAINTIFF EUGENE ABRAMOV'S MEMORANDUM OF LAW OPPOSING DEFENDANTS**

**1620 CECIL B MOORE LLC, KONKRETE INVESTMENTS LLC, AND SHAWN BULLARD'S**

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)**

Signed and submitted this 31st day of March 2025,

_____

Eugene Abramov
Plaintiff
2221 N Sydenham St
Philadelphia
Pennsylvania 19132
(207) 631 5336
gene.abramov@gmail.com
Pro Se

# Table of Contents

I.    *INTRODUCTION* ..................................................................... *1*

   A.   **Defendant's FDCPA Arguments are Copied from the Holding for *Carter v. Tacony Crossing* with Edits, which is Different than My Case.** ..................................... 1

II.    *STANDARD OF REVIEW* ..................................................... *2*

III.    *ARGUMENT* ....................................................................... *2*

   A.   **Defendant Konkrete Investments, LLC, is a Debt Collector Under the FDCPA and Violated the FDCPA.** ............................................................ **2**

      1.   A Creditor Can Be a Debt Collector. They are not Mutually Exclusive Definitions. ..........................2

      2.   Defendant Erroneously Claims Landlords and Property Managers are Excluded from the Definition of "Debt Collector." ..................................................................3

      3.   Defendant Konkrete Investments, LLC Used a Name Other Their Own when Attempting to Collect Their Own Debt. ..................................................................3

      4.   Defendant Konkrete Investments, LLC Violated the FDCPA. ..........................5

   B.   **Piercing the Corporate Veil** ............................................. **6**

      1.   Legal Standards for Piercing the Corporate Veil. ..........................7

      2.   The Corporate Veil Should be Pierced If It Used Deliberately to Escape Liability for Torts, Defeats Public Convenience, Justifies Wrong, Protects Fraud, or Defends Crime. ..............................7

      3.   The Veil. ..................................................................8

      4.   The Veil Defeated Public Convenience and Avoided Legal Liability in September-October 2023. ...9

      5.   The Veil Defeated Public Convenience and Was Used to Escape Liability for Torts when It Was Deliberately Indifferent to My Reports of Its Negligence in March 2024, Ignored my Notices of Escrowed Rent, and then Violated the FDCPA and Began an Illegal Eviction. ..................................10

6.    The Veil Defeats Public Convenience because it Confuses the Factfinder on the Most Important Discovery Document – The Lease. ...........................................................................................11

7.    The Veil Justifies Wrong by Justifying Avoiding Discussion of the Merits of the Case and Avoiding Compliance with Discovery. ...........................................................................................12

8.    Mr. Bullard's Use of The Veil to Defend Crime. ...........................................................13

9.    Justice Requires the Court to Pierce The Veil. ...........................................................15

*IV.*    ***CONCLUSION*** .............................................................................................***16***

**CASES**

*Carter v. Tacony Crossing 2021 LLC*, No. 22-CV-4941, 2023 U.S. Dist. LEXIS 63863 (E.D. Pa. Apr. 12, 2023)  1, 3,
6

*E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 333 n.7 (3d Cir. 2000) .......................................7

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) ....................................2

*Jarzyna v. Home Props., L.P*, 763 F. Supp. 2d 742, 751 (E.D. Pa. 2011)..........................................3

*Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) ...........................................7

*Pearson v. Component Tech Corp.*, 247 F.3d 471, 485 (3d Cir. 2001)....................................7

*Rodriguez v. Maharaj*, Civil Action No. 3:20-cv-04666-FLW-ZNQ, 2021 U.S. Dist. LEXIS 26249, at *8 (D.N.J. Feb.
11, 2021) .......................................................................................................................3

*Sams v. Redevelopment Authority*, 431 Pa. 240, 244 A.2d 779 (1968) .......................................8, 15

*Tepper v. Amos Fin., LLC*, 838 F.3d 364, 366 (3d Cir. 2018) ....................................2

*Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967)....................................................8

**STATUTES**

*15 Pa.C.S. § 1506* ....................................................................................................11

*15 U.S.C. § 1692a(6)* ..........................................................................................3, 4

*15 U.S.C. § 1692e(14)* ..........................................................................................4

*15 U.S.C. § 1692g(a)(2)* ..........................................................................................4

*73 P.S. § 201-2(4)(xxi)* ..........................................................................................11

*Phila. Code § 9-3907 (4)*..........................................................................................11

*U.S.C. § 1692d* ....................................................................................................5

*U.S.C. § 1692e (10)* ..........................................................................................6

*U.S.C. § 1692e (5)* ..........................................................................................5

*U.S.C. § 1692f* ....................................................................................................6

# I.    INTRODUCTION

## A.    **Defendant's** FDCPA Arguments are Copied from the Holding for ***Carter v. Tacony Crossing* with Edits,** which **is Different than** My **Case.**

Defendants' motion copied judge Bartle's discussion for *Carter v. Tacony Crossing 2021 LLC*, No. 22-CV-4941, 2023 U.S. Dist. LEXIS 63863 (E.D. Pa. Apr. 12, 2023), with edits. Defendant removed Carter's name, cut out some paragraphs, and made it a motion. Defendant did not consider my complaint is different than Carter's. I apply a different statutory definition of a debt collector. In *Carter*, and the cases Defendants copy from J. Bartle's holding, the plaintiffs used the principal purpose definition. I, however, allege that the creditor-landlord is a debt collector because it used a name other than their own. 2nd Amended Complaint, p. 17, ¶ 56 A – B.

Defendants apply the incorrect standards for piercing the corporate veil. They cite cases where plaintiffs attempted to collect debt from the principal of defunct corporations. In the instant case, however, justice requires piercing the corporate veil as it was misused to avoid litigation liability.

Defendants claim I did not attach exhibits. MTD, p. 4, ¶ 3. Exhibits A through V are on the record at Doc 24, pp 49-178. Exhibits W, X, Y, and Z are on the record at Doc 34, pp 30-59. I have always provided continuous access to the exhibits by Google Drive.

## II.    STANDARD OF REVIEW

I agree with the Defendants' standard of review.

## III.    ARGUMENT

### A.    Defendant Konkrete Investments, LLC, is a Debt Collector Under the FDCPA and Violated the FDCPA.

#### 1.    A Creditor Can Be a Debt Collector. They are not Mutually Exclusive Definitions.

Defendant, copying J. Bartle, wrote: "This statutory language focuses 'on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself.' *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017)... Thus, creditors are *generally* not debt collectors *Tepper v. Amos Fin., LLC*, 838 F.3d 364, 366 (3d Cir. 2018) (Creditors—as opposed to 'debt collectors'—*generally* are not subject to the Act)." MTD, p. 6, ¶ 2.

The adverb "*generally*" qualifies the phrase "not subject to the Act" to mean that occasionally, creditors *are* subject to the Act. They are subject to the Act when they're also debt collectors.

The FDCPA's statutory definition of debt collector says: "the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own

which would indicate that a third person is collecting or attempting to collect such debts." *15 U.S.C. § 1692a(6)*.

> 2.    **Defendant Erroneously Claims Landlords and Property Managers are Excluded from the Definition of "Debt Collector."**

Defendant departs from J. Bartle's reasoning in *Carter* and states an original argument: "the FDCPA also specifically excludes landlords and property managers from the definition of 'debt collector.'" <u>MTD, p. 7, ¶ 3</u>, citing *Carter*. No, *Carter* doesn't hold that. Defendant's conclusion is wrong because it's overly broad. The FDCPA usually excludes landlords and property managers, but not always.

A creditor is subject to the FDCPA when the "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Jarzyna v. Home Props., L.P*, 763 F. Supp. 2d 742, 751 (E.D. Pa. 2011). "An 'exempt' creditor-landlord can be placed back into the FDCPA's ambit." *Rodriguez v. Maharaj*, Civil Action No. 3:20-cv-04666-FLW-ZNQ, 2021 U.S. Dist. LEXIS 26249, at *8 (D.N.J. Feb. 11, 2021), citing *Jarzyna*.

> 3.    **Defendant Konkrete Investments, LLC Used a Name Other Their Own when Attempting to Collect Their Own Debt.**

Some arguments that Defendant copied from J. Bartle in *Carter* are irrelevant in the instant case. "Plaintiff states in conclusory fashion that the Landlord Defendants who own his apartment collect debt." <u>MTD p. 6, ¶ 3</u>. This is J. Bartle discussing that the "principal purpose" definition of a debt collector did not apply to *Carter*'s creditor-landlord. The

"principal purpose" definition is not before the court. In the instant case, the "creditor using a name other than their own" definition applies.

Defendants state: "[Plaintiff] does not say whether the debt (rent) is owed to them directly or to another." MTD p. 6 ¶ 3. I did allege who the debt is owed to: Defendant Konkrete Investments, LLC (hereinafter "Konkrete") is the creditor and debt collector 2nd Amended Complaint p. 19, ¶ 56 A, citing *15 U.S.C. § 1692a(6)*. I allege Konkrete is the debt owner when I alleged it is a creditor collecting *his own debts* under a different name.

Defendant's foregoing argument is an example of the Landlord Defendants' web of corporate alter egos and fraudulent misrepresentations working exactly as intended to avoid legal liability. 2nd Amended Complaint, p. 18, ¶ 56 C 1. It's the debt collector's duty to tell me who the debt owner is. *15 U.S.C. § 1692g(a)(2)*. It's also the debt collector's duty to tell me their true name. *15 U.S.C. § 1692e(14)*. Neither the email (Exhibit S) nor its attachment (Exhibit D) said who the creditor or debt collector are. Defendants violated the FDCPA by omitting this information. It baffles me that they argue to dismiss the FDCPA claim against them because no one knows who the creditor is, when declaring who owned the debt was their own legal requirement.

A reasonable factfinder may conclude that Konkrete was the creditor because my rent payments by bank transfer went Konkrete. Konkrete was the intended counterparty to our lease, so it makes sense that they own the debt. Exhibit A, p 1, ¶ 1.

4

I alleged that Konkrete used a different name when they tried to collect debt. 2nd Amended Complaint ¶ 56 A – B. Defendant Konkrete sent me an email demanding $2,450. 2nd Amended Complaint p. 19, ¶ 59, Exhibit S. The body of the email demands payment to "Your Tenant's Portal." The sender's name is "Watchmen Property Management." The obscured robo-mail address, viewable only when the sender's information is expanded, is konkreteinvestments-mail-system@konkreteinvestments.mailer.appfolio.us, revealing that the person of the debt collector is Konkrete.

This factual matter, accepted as true, sufficiently alleges Konkrete Investments, LLC is a debt collector and satisfies the second element of the FDCPA.

### 4.    Defendant Konkrete Investments, LLC Violated the FDCPA

Defendant states: "Even if Plaintiff had properly alleged that any Landlord Defendant was a debt collector, his FDCPA claims still fail because he does not sufficiently allege facts to support a plausible inference that Landlord Defendants violated a provision of the FDCPA in attempting to collect a debt." MTD p. 7, ¶ 3.

There is a plethora of FDCPA violations, with facts and exhibits to support them. Any violation is sufficient to prevail on the FDCPA claim. 2nd Amended Complaint p. 19, ¶ 59.

The contract creating the obligation to pay is invalid, and Landlord Defendants could not legally collect rent. 2nd Amended Complaint ¶¶ 14, 18, 59 B – C.

Konkrete threatened a legal action that could not be taken (eviction proceedings). *U.S.C. § 1692e (5)*, 2nd Amended Complaint ¶¶ 44, 59 D. Doing so was oppressive, abusive, and harassing conduct. *U.S.C. § 1692d*, Amended Complaint ¶ 59 A.

Konkrete misrepresented their identity in the debt collection attempt. *U.S.C. § 1692e (10)*, <u>Amended Complaint ¶¶ 56 B – C, 59 E</u>. Doing so is also an unfair, unconscionable means to collect debt because this is part and parcel of Landlord Defendants' avoidance of legal liability by misuse of the corporate form and fraudulent misrepresentation. *U.S.C. § 1692f*, <u>2nd Amended Complaint ¶¶ 20 – 23, 29, 30, 36, 59 F</u>.

Defendants never alleged specific pleading deficiencies with these FDCPA violations when conferring with me by email. When I specifically asked for them, those emails were not responded to. I warned opposing counsel that I would invoke J. Marston's Rule II(B)(1) if I was blindsided by complaint deficiencies. However, in this motion there are no specific alleged deficiencies. Defendant just copied J. Bartle's generic admonition of *Carter*'s complaint into the motion without stating how my complaint's alleged FDCPA violations are deficient. The motion should be dismissed for lack of substance.

## B.    Piercing the Corporate Veil

Justice requires piercing the corporate veil because Landlord Defendants gain unfair legal advantages by having misrepresented their persons and contact information on documents and communications during the tenancy. Landlord Defendants misused the corporate form to avoid litigation, commit torts, and breach their contract. Landlord Defendants continue to exploit their fraudulent misrepresentations in this instant judicial process. There is a risk they will continue to misuse the corporate alter-egos in the litigation process unless the Court pierces the veil treats Mr. Bullard, the principal, as liable for all claims against the corporations.

**1.      Legal Standards for Piercing the Corporate Veil.**

Defendants state, "under Pennsylvania law, piercing the corporate veil is an extraordinary remedy requiring proof of fraud or misuse of the corporate form." MTD p.8, ¶ 2, citing *Pearson v. Component Tech Corp.*, 247 F.3d 471, 485 (3d Cir. 2001). This is true in spirit, although Pearson is about holding a corporate parent liable for actions of a corporate subsidiary. Defendant also cites *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 333 n.7 (3d Cir. 2000) for a test on holding a parent corporation liable for debts of a subsidiary. MTD p.8, ¶ 4. The instant case's justification for piercing the corporate veil, however, is misuse of the corporate form to avoid litigation. 2nd Amended Complaint p. 11, ¶ 33.

Defendants state, "factors relevant to whether the corporate veil should be pierced include 'undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs, and use of the corporate form to perpetuate a fraud." MTD p. 8, ¶ 3, citing *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). In *Lumax*, the question before the Court was principal liable for debts of their defunct corporation. Again, the instant case is about Mr. Bullard misusing the corporate form to avoid litigation. 2nd Amended Complaint p. 11, ¶ 33.

**2.      The Corporate Veil Should be Pierced If It Used Deliberately to Escape Liability for Torts, Defeats Public Convenience, Justifies Wrong, Protects Fraud, or Defends Crime.**

"Limiting one's personal liability is a traditional reason for a corporation. Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts,

the cause of justice does not require disregarding the corporate entity." *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967).

The Pennsylvania Supreme Court has held that the corporate form "will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime." *Sams v. Redevelopment Authority*, 431 Pa. 240, 244 A.2d 779 (1968).

A discussion of Mr. Bullard's misuse of the corporate form to escape liability from torts, defeat public convenience, justify wrong, protect fraud, and defend crime follows.

### 3.    The Veil.

The Veil includes, but is not limited to:

- Defendant 1620 Cecil B Moore, LLC.
- Defendant Konkrete Investments, LLC.
- Konkrete Investments, Inc.
- Watchmen Property Management, LLC.
- Greater Philly Management Co.
- City Wide Realty

(collectively, "The Veil")

4.    **The Veil Defeated Public Convenience and Avoided Legal Liability in September-October 2023.**

My first encounter with The Veil was 2 months into my tenancy when I tried to litigate against the Landlord Defendants to demand they remove an illegal charge. I tried to give Landlord Defendants a letter of demand. Exhibit W. The Lease did not have any contact information. Exhibit A, 2nd Amended Complaint p. 3, ¶ 14 C. The contact number in the tenant's app was never answered. 2nd Amended Complaint p. 18 ¶ 56 C 3 v. I messaged the number Watchmen Property Management used to publish announcements to tenants, and they directed me to email watchmenpm@gmail.com. 2nd Amended Complaint, p. 8, ¶ 25 C. I did, but never answered, except for an automatic reply from Shawn Bullard. 2nd Amended Complaint, p.8, ¶ 25 C 1, Exhibit N. I also called and messaged Mrs. Maggie Bullard, who was the senior officer at the property management office at 1611 W. Montgomery Ave. Mrs. Bullard told me to send the letter of demand to City Wide Realty by phone and text. Exhibit O, p. 3. Elana Bogatova, the employee at City Wide Realty wrote to me: "Adress all your questions and/or concerns with your agent. If your lease was not properly explained to you, you should be sending your letters to them, not the Landlord." Exhibit M, pp. 7 – 8. The agent Mrs. Bogatova meant was Mr. Kenneth Anyanwu with Greater Philly Management Co., who initially gave me the lease. Mr. Anyanwu countered that it's City-Wide Realty's responsibility. Exhibit B, p. 8.

The Veil won round one, but I didn't give up. I decided to try public records. I sent certified mail to Konkrete Investments, LLC's address, and I also sent one to the registered agent of Konkrete Investments, Inc.'s registered agent: Shawn Bullard. Both of those letters

were returned as undeliverable. The postal workers wrote "VACANT" on the envelope addressed to Konkrete Investments, LLC. Exhibit H. The copy to Shawn Bullard was just returned as undeliverable. Exhibit J.

The Veil won round two as well. I still did not give up. I went to Watchmen Property Management's office at 1611 W. Montgomery Ave in person, and Mrs. Maggie Bullard, the senior officer there refused to accept it and lied about her association with Konkrete Investments, LLC. Mrs. Bullard is one of the organizers of Konkrete, Exhibit G, but she told and texted me that the office wasn't my landlord's office, and that she had nothing to do with Konkrete. Exhibit O, p. 5.

Landlord Defendants eventually relented and removed the $100 charge, but this conduct demonstrates how Mr. Bullard's operation uses The Veil to evade liability from litigation.

> **5.     The Veil Defeated Public Convenience and Was Used to Escape Liability for Torts when It Was Deliberately Indifferent to My Reports of Its Negligence in March 2024, Ignored my Notices of Escrowed Rent, and then Violated the FDCPA and Began an Illegal Eviction.**

A new issue came up in March 2024, regarding the Landlord Defendants' negligence that led to my apartment being flooded with sewage on March 3. I called Mrs. Bullard on March 4 and told her I will place rent in escrow. 2nd Amended Complaint, p. 9 ¶ 26 F, Exhibit P. On April 1, I notified Maggie Bullard's number and Watchmen Property Management's number by text. 2nd Amended Complaint, pp. 7-8 ¶¶ 25, 25 G, 2nd Amended Complaint, p

12, ¶39, Exhibit M, pp 19-20. I tried to go in person to Watchmen Property Management's office several times, but it was always closed. 2nd Amended Complaint, p19, ¶ 56 C 3 vi. The Veil just pretended they didn't have to accept that notice, although legally they had to. *Phila. Code § 9-3907 (4)*. In May, Konkrete Investments, LLC tried to collect that escrowed rent and thus violated the FDCPA, creating this instant litigation. 2nd Amended Complaint, p. 13, ¶ 40, 2nd Amended Complaint, p. 19 ¶ 59, Exhibit S.

This conduct demonstrates Mr. Bullard's business operations using "The Veil" to commit negligence, illegal debt collection, fraud, and other torts with impunity.

### 6.    The Veil Defeats Public Convenience because it Confuses the Factfinder on the Most Important Discovery Document – The Lease.

When I, signed the lease, I thought I was doing business with "Konkrete Investments, LLC, or Inc.." Exhibit A. 1620 Cecil B Moore LLC was nowhere on the document, and I had could not consent to do business with it. One person corporation can't just countersign the agreement for another corporation, that violates corporate formalities. 1620 Cecil B Moore, LLC acted as an alter-ego of Konkrete and "signed" in Konkrete's signature line even though they were not in the document.

The second issue is that The Veil's evasive methods are an improper way of executing a contract. *15 Pa.C.S. § 1506*. Because the lease was unexecuted, Landlord Defendants were prohibited from accepting rent. 2nd Amended Complaint, p. 4, ¶ 18, Phila. Code § 9-804(5). This rent collection is also alleged as an unfair business practice. 2nd Amended Complaint  p. 11, ¶ 31, *73 P.S. § 201-2(4)(xxi)*. Should the Court enter judgment

for the Plaintiff on these charges, the negligence, fraud, or other charges, then it's unclear

what corporate entity should pay them unless The Veil is pierced and all Landlord

Defendants, including Shawn Bullard, are jointly and severally liable.

The Veil wants Konkrete Investments, LLC to be the landlord for the purposes of

alleged immunity from the FDCPA claim, MTD p. 6, ¶ 3, but wants 1620 Cecil B Moore, LLC

to be the landlord for the purposes of satisfying their duty to have a rental license and

certificate of rental suitability. 2nd Amended Complaint, p. 4, ¶ 16 – 17, Certificate of Rental

Suitability 210772.

### 7.    The Veil Justifies Wrong by Justifying Avoiding Discussion of the Merits of the Case and Avoiding Compliance with Discovery.

Landlord Defendants refused to discuss the merits of my case because I couldn't

make a complaint with clarity and finality: "Additionally, there is no valid legal claim against

Shawn Bullard in his individual capacity. If you plan to request leave to amend your

complaint once more, please inform me. However, at this point and until a new amended

complaint is proposed/filed, I would prefer to avoid any further email exchanges regarding

the merits of your case against my clients." Attachment 1: 2025-02-12 - Landlord

Defendants Refuse to Discuss Merits of Case. I can't make that clear, final amended

complaint until The Veil is parted.

I hoped that I the first round of discovery would part The Veil, but Defendants just

didn't comply. Defendants wrote on March 4, 2025: "Although there is no operative

complaint on the docket and Plaintiff agreed to extend the discovery deadline for the other

Defendant but not my clients, my clients have nonetheless made a good faith effort to comply. My clients are still in the process of locating additional responsive documents and will produce them as they become available." Attachment 2: 2025-03-04 - Landlord Defendants Excuses for Not Complying with Discovery. Landlord Defendants have complied with none of 14 interrogatories, two of 10 requests for production of documents, and none of 4 requests for admission. Four weeks have passed since then and nothing has been done.

The Veil is justifying non-compliance with the judicial process. The Court should pierce it because it may continue to prevent Discovery.

### 8.    Mr. Bullard's Use of The Veil to Defend Crime.

Mr. Bullard has a reputation for trespassing and stalking. Exhibit R. That public forum reputation evidence shows a motive to avoid tort claims and criminal charges.

- "This man is extremely creepy and dangerous. He preys on young college-aged girls…" Exhibit R, p. 1.

- "Stay away from this man and his properties. He is an absent landlord that hides behind LLCs to shield himself from any liability…" Exhibit R, p. 1"

- "It's never okay for your landlord to walk in unannounced when you're sleeping. He pr[e]ys on young college girls." Exhibit R, p. 2.

- "All I have to say is for your safety, if you're a young female DO NOT RENT FROM HIM. For your own safety." Exhibit R, p. 2.

- "He only cares about collecting money and hitting on girls that are far younger than him that live in his apartment." Exhibit R, p. 4.

- "He threatened me. Pushed his way into my apartment and video taped me." He flipped out on us and my roommate moved out the next day from fear of him." Exhibit R, p. 5.

- "On top of it all he tried getting with me along with several of my friends in an extremely perverted way." Exhibit R, p. 6.

- "He comes by unannounced all the time and will only listen to your concerns if you threaten lawsuit." Exhibit R, p. 6.

- "He's really flirty and really needs to recognize boundaries!" Exhibit R, p. 8.

- "He's a total creep, would text me all the time asking about my friends trying to **** them… He busted open the locked bathroom door while I was in the shower too…"

- "He blatantly asked me to **** and is the biggest creep." Exhibit R, p. 11.

- "I'm talking about inappropriate touching and trying to lure you to the bedroom. He's a sick ***** creep… STAY AWAY." Exhibit R, p. 11.

- "He preys on black females…" Exhibit R, p. 12.

- "He would come in the house whenever he felt like it." Exhibit R, p. 13.

- "I sent him certified letters threatening to take him to court and he still was unresponsive. He does not give notice prior to visit[ing] your apartment…" Exhibit R, p. 13.

14

- "HE SUCKS. HE WALKS IN YOUR APARTMENT UNANNOUNCED. A FRIEND OF MINE WAS IN THE SHOWER WHEN HE CAME IN AND SCARED HER HALF TO DEATH." Exhibit R, p. 13.

- "He pops in all the time like it's his house." Exhibit R, p. 15.

- "He invaded [my] privacy by coming unannounced." Exhibit R, p. 17.

This public forum reputation would lend a reasonable factfinder to believe Shawn Bullard may have used his corporate entities' status as landlords and property managers as a pretext to personally trespass into apartments of tenants with ulterior motives.

Notwithstanding that trespassing is the most common grievance of Mr. Bullard's tenants, the Court should construe that Mr. Bullard deliberately tried to evade of all torts that could arise out of a landlord-tenant relationship. He did not hesitate to abuse The Veil to avoid my fraud, unfair business practices, negligence, illegal debt collection, illegal eviction, and breach of warranty charges.

### 9.    Justice Requires the Court to Pierce The Veil.

The Complaint and supporting evidence justify an equitable remedy for piercing the veil because I properly alleged that Mr. Bullard misused the corporate form to defeat public convenience, justify wrong, protect fraud and defend crime. *Sams v. Redevelopment Authority*, 431 Pa. 240, 244 A.2d 779 (1968).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants'

Motion to Dismiss in its entirety.

Signed and submitted this 31st day of March 2025,

_____

Eugene Abramov
Plaintiff
2221 N Sydenham St
Philadelphia
Pennsylvania 19132
(207) 631 5336
gene.abramov@gmail.com
Pro Se

**CERTIFICATE OF SERVICE**

I, Eugene Abramov, certify that on March 31, 2025, I submitted the foregoing

Memorandum of Law to the Eastern District of Pennsylvania's Electronic Document

Submission service. I expect all counsel of record to receive it from ECF notice, and I also

served a copy of the foregoing Memorandum to all counsel of record by email:

Monica M. Littman, Esq.
Richard J. Perr, Esq.
Dominic Borelli, Esq.
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
dominic.borelli@kaufmandolowich.com
Attorneys for Defendant Baritz Law Associates, LLC

Jason L. Rabinovich, Esq.
Rabinovich Sokolov Law Group, LLC
226 Walnut Street
Philadelphia, PA 19106
jason@rslawgroup.com
Attorney for Defendants Shawn Bullard, 1620 Cecil B. Moore, LLC, and Konkrete
Investments, LLC

Signed this 31st day of March 2025.

_____

Eugene Abramov
Plaintiff
2221 N Sydenham St
Philadelphia
Pennsylvania 19132
(207) 631 5336
gene.abramov@gmail.com
Pro Se